IN THE COUNTY COURT OF THE NINTH
JUDICIAL CIRCUIT, IN AND FOR
ORANGE COUNTY, FLORIDA

CASE NO.

MICHAEL SHVARTSMAN and
IRADA SHVARTSMAN,

             Plaintiff,

vs.

GEICO GENERAL INSURANCE COMPANY,

             Defendant.
_____/

## COMPLAINT

The Plaintiffs, MICHAEL SHVARTSMAN and IRADA SHVARTSMAN, sue the Defendant, GEICO GENERAL INSURANCE COMPANY, and alleges:

1. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00), arising in Orange County, Florida.

2. On or about December 28, 2013, an unknown driver operated a motor vehicle traveling eastbound Interstate 4, Orlando, Orange County, Florida.

3. At that time and place, the unknown driver, negligently operated the motor vehicle so that Plaintiffs, MICHAEL SHVARTSMAN AND IRADA SHVARTSMAN, were rear-ended and the unknown driver fled the scene.

4. As a direct and proximate result of the negligence of the unknown driver the Plaintiffs have suffered damages as more fully set forth below.

## COUNT I-UM ACTION AGAINST GEICO GENERAL INSURANCE COMPANY

The Plaintiffs re-alleges and incorporates paragraphs 1-4 above and then further states:

5. At all times material, the Plaintiff was insured by the Defendant, GEICO GENERAL INSURANCE COMPANY, a company authorized to do business in Florida, and on the date of the subject accident, had in full force and effect a policy of automobile insurance

1

providing uninsured motorist coverage. A copy of the declaration sheet is attached hereto and identified as "**Exhibit A**".

6. The Plaintiffs know that the hit and run driver will be unable to compensate the Plaintiffs for the losses and damages they have incurred; sue the uninsured motorist carrier, GEICO GENERAL INSURANCE COMPANY, to compensate the Plaintiffs for losses they have sustained.

7. The Plaintiffs has met all conditions precedent to maintain this uninsured motorist claim.

8. Defendant, GEICO GENERAL INSURANCE COMPANY, has failed to pay uninsured motorist coverage benefits as requested by the Plaintiffs, which the Plaintiffs allege is in violation of the agreement for UM insurance.

9. Accordingly, the Plaintiffs allege that the Defendant, GEICO GENERAL INSURANCE COMPANY, has breached the contract of uninsured motorist coverage.

10. There is no dispute whether the insurance policy provides the uninsured motorist coverage alleged herein.

11. Alternatively, should the Defendant, GEICO GENERAL INSURANCE COMPANY, dispute whether there exists uninsured motorist coverage between the Plaintiffs and Defendant, the Plaintiffs has been required to retain the services of the undersigned attorneys to represent and protect the Plaintiff's interests and entitlement to said insurance coverage, and the Plaintiffs are obligated to pay the attorneys a reasonable fee for their services; therefore, the Plaintiffs requests that a reasonable attorney's fee be awarded upon recovery pursuant to Florida Statute 627.428.

2

## DAMAGES

12. As a direct and proximate result of the above-mentioned accident, the Plaintiff, MICHAEL SHVARTSMAN, has suffered permanent bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and the aggravation of a previously existing condition, if any. These losses are either permanent or continuing within a reasonable degree of medical probability, and Plaintiff, MICHAEL SHVARTSMAN, will continue to suffer these losses in the future.

13. As a direct and proximate result of the above-mentioned accident, the Plaintiff, IRADA SHVARTSMAN, has suffered permanent bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and the aggravation of a previously existing condition, if any. These losses are either permanent or continuing within a reasonable degree of medical probability, and Plaintiff, IRADA SHVARTSMAN, will continue to suffer these losses in the future.

14. The Plaintiffs further requests prejudgment interest at the legal rate on all amounts incurred for healthcare, hospital, doctor and/or nursing expenses, as well as any other economic damages and on any other liquidated expenses incurred as a result of the aforesaid injuries.

WHEREFORE, the Plaintiffs, MICHAEL SHVARTSMAN and IRADA SHVARTSMAN, demands judgment against the Defendant, GEICO GENERAL INSURANCE COMPANY, for compensatory damages in excess of Fifteen Thousand Dollars ($15,000.00) exclusive of costs and interest together with costs and prejudgment interest for that portion of the compensatory damages which have been previously liquidated, and any other relief to which the Plaintiffs may be entitled and the Plaintiffs demands a trial by jury of all issues so triable.

## COUNT III-BAD FAITH CLAIM

The Plaintiffs re-allege and incorporates paragraphs 1-14 above and then further states:

15. Given the nature of the collision and the seriousness of the injuries suffered by the Plaintiffs, a reasonable person, when faced with the potential liability for having to pay himself for the entire loss suffered by the Plaintiffs, would have timely settled the claim within the available amount of uninsured motorist limits, if such reasonable person had acted with the best interests of the insured the Plaintiffs in mind, and with due regard to the total value of the Plaintiffs' damages, including both past and future damages, in comparison to the relative limited amount of the applicable UM policy.

16. Under the circumstances, the Plaintiffs' UM claim is one which could have been timely settled by the Defendant and should have been settled by the Defendant, if the Defendant had acted fairly and honestly, and with due regard for the Plaintiffs' interests.

17. Specifically, on August 20, 2014, the Plaintiffs submitted a time limit demand to GEICO GENERAL INSURANCE COMPANY for all covered losses, injuries, and damages resulting from the subject motor vehicle collision.

18. Thereafter, the Defendant GEICO GENERAL INSURANCE COMPANY did not accept the Plaintiffs' previous settlement offer.

19. As a result, on January 12, 2015, the Plaintiffs filed a Civil Remedy Notice of Insurer Violations with the Florida Department of Financial Services in accordance with Florida Statute §624.155.

20. GEICO GENERAL INSURANCE COMPANY responded to the Civil Remedy Notice of Insurer Violations on March 9, 2015. A copy of the Civil Remedy Notice of Insurer Violation attached as "Exhibit B".

21. Despite being placed on notice of the Civil Remedy Violation, GEICO GENERAL INSURANCE COMPANY did not remedy the violation by making payment within the 60-day cure period as provided by Florida Statute §624.155.

22. Because the Defendant chose to not pay the requested UM benefits in accordance with either 1) the Plaintiffs' settlement demand or 2) within the 60-day cure period afforded by the Civil Remedy Notice; thereafter, the Plaintiffs' claim was not settled and instead a lawsuit was necessarily filed against the Defendant, and all conditions precedent to Plaintiffs' right to bring this action have occurred, been waived or excused.

23. Under the terms of the insurance policy issued by the Defendant and because of the special relationship between the Defendant and its insured/the Plaintiffs, the Defendant insurer owed, by operation of law, a fiduciary duty of good faith and fair dealing to the Plaintiffs to handle every aspect of the adjustment and handling of the claims brought by the Plaintiffs fairly and honestly, and with due regard for Plaintiffs' injuries.

24. The duty of good faith and fair dealing owed to the Plaintiffs includes, but is not limited to, the following:

    a. Required the Defendant insurer to investigate and use proper diligence to determine the facts of the claims of the Plaintiffs;

    b. Required the Defendant insurer to conduct all settlement negotiations in good faith and in full consideration of Plaintiffs' interests even when those interests might be divergent from the financial interests of the Defendant insurance company;

    c. Required the Defendant insurer to promptly and timely settle the claims of the Plaintiffs for an amount up to the policy limits when it could have and should have done so, had it acted fairly and honestly, and with due regard for Plaintiffs' interests;

d. Required the Defendant insurer to handle Plaintiffs' claim fairly and honestly, and in a non-adversarial manner in light of the fiduciary relationship of the Defendant insurer with the Plaintiffs insured, and with due regard for Plaintiffs' interests;

e. Required the Defendant to adopt and/or follow proper claims handling procedures to be implemented in the handling of Plaintiffs' claim, including the prompt and timely payment of UM benefits without necessarily requiring its insureds to have to engage in lengthy and costly litigation simply to receive payment of UM benefits that a reasonable person, under like circumstances, would have instead promptly paid within policy limits, when faced with the potential liability for having to pay himself for the entire loss suffered by the Plaintiffs;

f. Required the Defendant insurer, in light of the fiduciary relationship of the Defendant insurer with the Plaintiffs insured, to handle Plaintiffs' litigation of the UM benefits in such a way that it did not place unnecessary, costly and burdensome time delays and legal barriers in the way of the Plaintiffs insured's timely and prompt payment of UM benefits. An example of an unreasonable barrier to payment of benefits would be the carrier's potentially requiring the re-litigation of issues in a second, separate action when a full measure of damages and all legal issues have the means of being litigated and resolved in but one legal action. Another example would be to cause the insured to incur unnecessary, costly and burdensome time delays and legal barriers in the way of the Plaintiffs insured's timely and prompt payment of UM benefits claim by engaging in appeals of the Plaintiffs' legal claim following the Plaintiffs' receipt of a jury verdict for damages, in as much as the carrier has the means to fully pay such damages once determined by a jury without the need for an unnecessary, costly and lengthy appeal. Just because as carrier may have a right to place legal barriers to payment of UM benefits before an insured, does not mean that the carrier should erect such barriers, if the carrier is acting fairly and honestly, and in a non-adversarial manner and with due regard for Plaintiffs' interests, as a reasonable fiduciary should act;

25. The Defendant breached its duty of good faith and fair dealing owed to Plaintiffs by doing, but is not limited to, the following:

a. Failing to investigate and use proper diligence to determine the necessary facts in order to settle the claims of the Plaintiffs; including but not limited to refusing to speak to the Plaintiffs' when they appeared at Milestone Reporting for an Examination Under Oath.

b. Failing to conduct all settlement negotiations in good faith and in full consideration of Plaintiffs' interests even when those interests were divergent from the financial interests of the Defendant insurance company;

6

      c.     Failing to promptly and timely settle the Plaintiffs' claims within the available policy limits when it could have and should have done so, had it acted fairly and honestly, and with due regard for Plaintiffs' interests;

      d.     Failing to handle Plaintiffs' claim fairly and honestly, and in a non-adversarial manner in light of the fiduciary relationship of the Defendant insurer with the Plaintiffs insured, and with due regard for Plaintiffs' interests;

      e.     Failing to adopt and/or follow proper claims handling procedures to be implemented in the handling of Plaintiffs' claim, including the prompt and timely payment of UM benefits without necessarily requiring its insureds to have to engage in lengthy and costly litigation simply to receive payment of UM benefits that a reasonable person, under like circumstances, would have instead promptly paid within policy limits, when faced with the potential liability for having to pay himself for the entire loss suffered by the Plaintiffs;

      f.     Failing to handle, in light of the fiduciary relationship of the Defendant insurer with the Plaintiffs insured, the Plaintiffs' litigation of the UM benefits in such a way that it did not place unnecessary, costly and burdensome time delays and legal barriers in the way of the Plaintiffs insured's timely and prompt payment of UM benefits;

      g.     Failing to avoid placing unreasonable barriers to payment of benefits by requiring the re-litigation of issues in a second, separate action when a full measure of damages and all legal issues have the means of being litigated and resolved in but one legal action;

      h.     Failing to avoid placing unreasonable barriers to payment of benefits by requiring and by engaging in appeals of the Plaintiffs' legal claim following the Plaintiffs' receipt of a jury verdict for damages, in as much as the carrier has the means to fully pay such damages once determined by a jury without the need for an unnecessary, costly and lengthy appeal;

      i.     Failing to affirmatively initiate settlement negotiations, even after it knew or should have known that Plaintiffs' injuries and damages exposed liability for damages in excess of the policy limits;

      26.     As a result of one or more of these breaches by the Defendant insurer, the Plaintiffs insured has been damaged, which damages include: the full measure of the damages caused by the collision, the applicable attorney's fees and legal costs pursuant to Florida Statute §627.428 and §624.155 that the Defendant insurer caused the Plaintiffs insured incur as a product

of its Bad Faith conduct, including litigating both the underlying claim for UM benefits, plus litigating the declaratory relief action and the bad faith action brought by the insured as a result of the Defendant carrier's failure to promptly and timely tender UM benefits, and further any interest that the Plaintiff may be entitled to receive pursuant to Florida law, plus any extra-contractual damages that the Plaintiffs may incur as a product of the Defendant insurer's bad faith conduct.

WHEREFORE, the Plaintiffs, MICHAEL SHVARTSMAN and IRADA SHVARTSMAN, hereby demands judgment against Defendant, GEICO GENERAL INSURANCE COMPANY, in the full amount of their damages, plus interest, plus costs and attorneys' fees, and any other relief to which the Plaintiffs may be entitled, and the Plaintiffs demands a trial by jury of all issues so triable.

I HEREBY CERTIFY that a copy of the foregoing was electronically e-filed through the Florida Courts E-Filing Portal and pursuant to Rule 2.516, Florida Rules of Judicial Administration, e-service will be completed through the E-Portal, this 9th day of February 2017.

Jennifer M. Andrews, Esquire
Florida Bar # 98939
Jeffrey M. Byrd, P.A.
2620 E. Robinson Street
Orlando, FL 32803
(407) 423-1313
(407) 422-5297 (fax)
Attorney for Plaintiff
jennifer@aggressiveattorneys.com
hailey@aggressiveattorneys.com
pleadings@aggressiveattorneys.com