**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MICHAEL SHVARTSMAN and IRADA SHVARTSMAN,

    Plaintiffs,

v.                                  Case No: 6:17-cv-437-Orl-28KRS

GEICO GENERAL INSURANCE COMPANY,

    Defendant.
_____

## ORDER

In this uninsured motorist (UM) insurance case, Defendant GEICO General Insurance Company (Geico) seeks dismissal of Plaintiffs Michael and Irada Shvartsman's bad faith claim in Count III of the Complaint, alleging that the claim is unripe (Docs. 16, 16-1). In response, Plaintiffs request that the Court abate rather than dismiss the bad faith claim. (Doc. 18). It is undisputed that Plaintiffs' bad faith claim is not yet ripe, Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So. 2d 1289, 1291 (Fla. 1991), because it is contingent upon Plaintiffs prevailing on their underlying UM breach of contract claim and obtaining a judgment in excess of the policy limits. But the question vexing federal district courts in Florida is whether to dismiss such a claim without prejudice or to abate the claim pending a successful outcome on the underlying UM claim.

Some courts in this district have abated unripe bad faith claims, citing judicial efficiency. See, e.g., Sabol v. USAA Cas. Ins. Co., No. 5:16-CV-679-OC-30PRL, 2017 WL 238250, at *2 (M.D. Fla. Jan. 19, 2017); Gianassi v. State Farm Mut. Auto. Ins. Co., 60 F. Supp. 3d 1267, 1271 (M.D. Fla. 2014). And other courts have dismissed them without

prejudice, reasoning that they are not justiciable claims under Article III of the United States Constitution. See, e.g., Ralston v. LM Gen. Ins. Co., No. 616CV1723ORL37DCI, 2016 WL 6623728, at *3 (M.D. Fla. Nov. 9, 2016); Bele v. 21st Century Centennial Ins. Co., 126 F. Supp. 3d 1293, 1296 (M.D. Fla. 2015); Alilin v. State Farm Mut. Auto. Ins. Co., No. 6:14-CV-1183-ORL, 2014 WL 7734262, at *5 (M.D. Fla. Jan. 30, 2014).

This Court agrees with the reasoning in the group of cases that have dismissed unripe bad faith claims without prejudice.[1] Although the Supreme Court of Florida favors abatement of unripe bad faith claims over dismissal, Fridman v. Safeco Ins. Co. of Illinois, 185 So. 3d 1214, 1229 (Fla. 2016), Florida courts do not have the same jurisdictional requirements as federal courts. Federal courts are courts of limited jurisdiction, Nat'l Advert. Co. v. City of Miami, 402 F.3d 1335, 1338 (11th Cir. 2005), and are bound by the "case and controversy" requirement in Article III of the Constitution, (id.), which prevents federal courts from adjudicating cases that are unripe or "rest[] upon contingent future events that may not occur as anticipated, or indeed may not occur at all," Ralston, 2016 WL 6623728, at *3 (quoting Texas v. United States, 523 U.S. 296, 300 (1998)). Because Plaintiffs' bad faith claim is indisputably not ripe for adjudication, the Court will dismiss the claim without prejudice to Plaintiffs' right to refile the claim after their UM contract claim is resolved.

---

[1] This Court has in the past abated an unripe bad faith claim at least once, see Braddy v. Infinity Assurance Ins. Co., No. 615CV119ORL28GJK, 2016 WL 1446202, at *3 (M.D. Fla. Apr. 11, 2016), but now that cases have emerged addressing the Article III requirement of dismissing without prejudice, the Court deems it wise to adopt that position. See Ralston v. LM Gen. Ins. Co., No. 616CV1723ORL37DCI, 2016 WL 6623728, at *3 n.4 (M.D. Fla. Nov. 9, 2016) (reversing its previous position on the question of abating versus dismissing unripe bad faith claims).

It is **ORDERED** that:

1. Geico's Motion to Dismiss Count III of the Complaint (Doc. 16) is **GRANTED**.

2. Plaintiffs' bad faith claim in Count III of the Complaint is **DISMISSED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Orlando, Florida, on June 22, 2017.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties